FILED
2012 MAY -1 PM 2:34
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Brian Farrell )
    *Plaintiff,* )
         ) Case No 6:12-cv-660-ORL-18KRS
vs )
         )
NCO FINANCIAL SYSTEMS, INC. ) Judge _____
    *Defendant,* )
         ) Trial by Jury Demanded

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA, FDCPA, and FCCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Brian Farrell, a natural person, who resides in Seminole County, Florida.

4. The Defendant in this lawsuit is NCO FINANCIAL SYSTEMS, INC. an unknown entity with offices at 507 Prudential Road Horsham, PA, 19044.

### VENUE

5. The occurrences which give rise to this action occurred in Seminole County, Florida and Plaintiff resides in Seminole County, Florida.

6. Venue is proper in the Middle District of Florida, Orlando Division.

## **GENERAL ALLEGATIONS**

7. Plaintiff pulled his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the report.

8. Plaintiff determined that his consumer credit report had been pulled on various occasions by various entities he did not recognize and without his consent.

9. Plaintiff found after examination of his TranUnion consumer credit report that Defendant NCO FINANCIAL SYSTEMS, INC. had pulled Plaintiff's TransUnion consumer credit report on May 25th of 2011.

10. Discovery of violation brought forth herein occurred in October of 2011 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant NCO FINANCIAL SYSTEMS, INC..

18. At no time did Plaintiff give his consent for Defendant NCO FINANCIAL SYSTEMS, INC. to acquire his consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

> (2) the term "account" means a demand deposit, savings deposit, or other asset account <u>**(other than an occasional or incidental credit balance in an open end credit plan** as defined in section 103(i) of this Act),</u> as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. <u>**The definition of "account" clearly does not include an account such as a credit card open end credit account**</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21. On May 25th of 2011 Defendant NCO FINANCIAL SYSTEMS, INC. obtained the TransUnion consumer credit report of the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. Plaintiff has no idea or indication as to what

possible alleged account NCO FINANCIAL SYSTEMS, INC. could claim to have with him and is positive he had no account with NCO FINANCIAL SYSTEMS, INC. which would come under the definition of account in the FCRA in regard to permissible purpose.

22. The action of Defendant NCO FINANCIAL SYSTEMS, INC. obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NCO FINANCIAL SYSTEMS, INC. for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## Count II

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.

23. Paragraphs 1 through 10 are realleged as though fully set forth herein.

24. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

25. Defendant NCO FINANCIAL SYSTEMS, INC. is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

26. Defendant NCO FINANCIAL SYSTEMS, INC. violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant NCO FINANCIAL STSTEMS, INC violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NCO FINANCIAL SYSTEMS, INC. for statutory damages, any attorney's fees, and costs pursuant to Fla. Stat. §559.77.

## Count III

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS NCO FINANCIAL SYSTEMS, INC.

27. Paragraphs 1 through 10 are realleged as though fully set forth herein.

28. Plaintiff is a consumer within the meaning of §559.55(2).

29. NCO FINANCIAL SYSTEMS, INC. are debt collectors within the meaning of §559.55(6).

30. NCO FINANCIAL SYSTEMS, INC. violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, NCO FINANCIAL SYSTEMS, INC. for statutory damages, any attorney's fees, and costs pursuant to Fla. Stat. §559.77.

Dated: May 01. 2012

Respectfully Submitted,

*Brian Farrell*

Brian Farrell
106 Clear Lake Circle
Sanford, Florida 32773
321-662-7627
brian_farrell7@yahoo.com