FILED
2012 SEP 12 PH 1:52
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BRIAN FARRELL<br>*Plaintiff,*<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC.<br>*Defendant,* | Case No. 6:12-cv-00660 |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff asks the court to deny defendant's motion for summary judgment and states the following:

### Introduction

1. Plaintiff is Brian Farrell; defendant is NCO FINANCIAL SYSTEMS, INC. (hereinafter NCO).

2. On May 1, 2012 plaintiff sued defendant for violation of the Fair Credit Reporting Act (hereinafter FCRA), the Fair Debt Collection Practices Act (hereinafter FDCPA), and the Florida Consumer Collection Practices Act (hereinafter FCCPA).

3. On June 6, 2012 defendant NCO filed an Answer and Affirmative Defenses.

4. On July23, 2012 the parties submitted a Case Management Report and the Court entered a Scheduling Order on July 25, 2012.

5. On August 21, 2012 defendant NCO filed a motion for summary judgment on plaintiffs

cause of action for violations of the FCRA, FDCPA, and FCCPA.

6. Summary judgment is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for violations of the FCRA, FDCPA and FCCPA: no permissible purpose to obtain plaintiff's credit report, which also violates the FDCPA and FCCPA by falsely representing or claiming an invalid debt.

## Statement of facts

7. Defendants do not argue that they obtained the credit report of the plaintiff.

8. In defendant's motion for summary judgment defendant states that American Express "placed" 2 credit card accounts (hereinafter accounts) with NCO and therefore they had a permissible purpose to obtain plaintiff's credit report.

9. There is an affidavit attached to the motion stating that American Express "placed" the accounts with NCO on May25, 2012, but there is no verified evidence of such that has been been made a part of the record or entered into evidence as exhibits.

10. There is no documentation whatsoever annexed to the affidavit or the pleading to evidence any contract or any other evidence of any alleged accounts with a Brian Farrell.

11. There are no documents purporting to evidence transfer of the alleged accounts to NCO or any documentation showing the actual existence of any alleged accounts from American Express or any other entity placed with NCO.

12. There is no statement made in the affidavit as to what type of alleged accounts (i.e. demand deposit, asset, credit, etc.) the defendant is referring to as being "placed" by American Express with NCO which <u>could</u> give them any permissible purpose to pull the credit report of the plaintiffs <u>even if such alleged accounts existed</u>, which has not been established through evidence before the court.

13. There is no verified firsthand evidence **in any form** that has been entered into the court record showing any account numbers, amounts alleged to be due, date of origination of the alleged accounts, current status, or dates and terms of transfer of ownership of the alleged accounts.

14. Other than simple generic and non-specific statements in an affidavit made by someone who works for the defendant, there is no evidence in any form of any alleged accounts of Brian Farrell that would allow any permissible purpose for the defendant to obtain the credit report of the plaintiff under the FCRA.

15. At no time in the affidavit of Gregory Stevens did he state the dates of his employment with American Express to be able to testify to first-hand information regarding origination, books and records or transfer of any alleged accounts.

16. If the defendants have no verifiable evidence as to the existence of any accounts and there was no permissible purpose for obtaining the plaintiff's credit report, then there is a "false representation and deceptive means" to collect a debt and the defendant was "claiming, attempting, or threatening to enforce a debt when such persons knew that the debt was not legitimate" which are violations of the FDCPA and the FCCPA respectively.

## STANDARD OF REVIEW

17. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. See Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct 2548, 2552 (1986).

18. A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing

there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996); *See Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 327, 106 S. Ct. at 2555. Only if defendant meets their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e)

19. Ordinarily, summary judgment is appropriate only after adequate time for discovery. *See Celotex Corp.*, 477 U.S. 317, 322 (1986).

20. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F. 3d 1233, 1236-37 (10th Cir. 2002).

## Argument

21. For the defendant to successfully argue for summary judgment, they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the only element is whether the defendant had permissible purpose to obtain plaintiff's credit report.

22. The defendant must therefore prove **through evidence before the court** rather than conclusory statements or speculation that they had a permissible purpose to pull the plaintiff's credit report.

23. The evidence offered by the defendant is the affidavit of Gregory Stevens, an employee of NCO Financial Systems, Inc., which states nothing more than he is familiar with the alleged account, some basic alleged details, its alleged chain of ownership, and the lawsuit filed by

the plaintiff.

24. The affidavit states there are accounts placed by American Express with NCO but there is no documentation on the record whatsoever to show that had occurred.

25. There is not one document in the record submitted by the defendant as <u>verified evidence</u> to show the existence of any alleged "accounts" indicating what type of accounts they are, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract or any other identifying information regarding the alleged accounts.

26. The affidavit does nothing more than refer to facts not in evidence and refers to events regarding chain of ownership of the alleged accounts where there is no verified evidence of said alleged facts or events before the court.

27. The statements in the affidavit are nothing more than hearsay, are not supported by any verified documentation whatsoever and should not be considered by the court.

28. The statements in the defendant's motion for summary judgment are conclusory without question and cannot support a motion for summary judgment. *See Celotex Corp.* 447 U.S. at 327, 106 S.Ct. at 2555.

## Objections

29. The evidence submitted in support of the defendant's motion should not be considered by the court because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the court. The court should strike the following summary judgment proof:

a. <u>Affidavit</u>: Defendant's rely on a defective affidavit.

- The affidavit refers to facts not in evidence before the court.
- The affidavit has not been authenticated before the court and is hearsay.
- The affidavit by Gregory Stevens states that NCO obtained the plaintiff's credit report on

    May 26, 2011. Trans Union states on the plaintiff's credit report that NCO obtained his credit report May 25, 2011. (See exhibit 1)

- The affiant also states in the affidavit that between May 26, 2011 and November 3, 2011, NCO attempted to collect the debts at issue, but never made any contact with the Plaintiff, when in fact NCO sent a dunning letter to the plaintiff, dated October 14, 2011. (See exhibit 2)

### Summary Judgment Evidence

30. In support of his response, plaintiff includes the following evidence in the attached appendix:

   a. Affidavits. The affidavit of Brian Farrell establishes the fact that there is no evidence before the court that there is an account of Brian Farrell in existence or that American Express placed any accounts with NCO Financial Systems, Inc. and would have permissible purpose to obtain plaintiff's credit report

   b. Exhibit 1. Trans Union Credit Report.

   c. Exhibit 2. Dunning Letter from NCO

### Conclusion

The defendants have not met their burden to show there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch Props.*, 140 F. 3d at 625. The defendants have proffered nothing more than a generic affidavit from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of having any "accounts" placed

with them which would give them permissible purpose to obtain plaintiff's credit report.

WHEREFORE, because the Defendants have failed to show there are no issues of material fact before the Court, the Plaintiff respectfully requests the Court deny the Defendants motion for summary judgment, strike the Defendants affidavit and allow the Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

*Brian Farrell*
Brian Farrell
106 Clear Lake Circle
Sanford, FL 32771
321-662-7627