UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN FARRELL,

    Plaintiff,

v.                                                  Case No.: 6:12-cv-00660-GKS-KRS

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

**<u>DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S, MOTION TO DISMISS PLAINTIFF, BRIAN FARRELL'S, AMENDED COMPLAINT</u>**

Defendant, NCO Financial Systems, Inc. (NCO), through counsel and pursuant to Fed. R. Civ. P. 56, submits this motion for summary judgment and incorporated memorandum of law. For the reasons set forth below, this Court should dismiss plaintiff Brian Farrell's Amended Complaint in its entirety.

**INTRODUCTION**

Plaintiff, Brian Farrell, filed this action *pro se* against NCO, alleging NCO violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559, *et seq.* More specifically, plaintiff alleges NCO pulled his credit report without a permissible purpose, sent him a collection letter after he requested validation of the debt, and attempted or threatened to enforce a debt it knew was not legitimate. Plaintiff's claims fail because: (1) NCO had a permissible purpose to pull plaintiff's credit report – debt collection activity; (2) NCO did not send a collection letter to plaintiff after he requested validation of the debt; and (3)

1

plaintiff provides no facts to support the claim NCO attempted or threatened to enforce a debt it knew was not legitimate.

### STATEMENT OF MATERIAL FACTS

On May 25, 2011, American Express (AMEX) placed an account ending in 5007, with NCO, a debt collection company, in plaintiff's name for collection. *See* **Exhibit 1** at ¶ 2, NCO's Affidavit in Support of its Motion for Summary Judgment by G. Stevens (Aff.).

On May 26, 2011, NCO pulled plaintiff's credit report in connection with the collection of the 5007 account. *Id.* at ¶ 3. On May 27, 2011, NCO mailed to plaintiff an initial letter notifying him of his right to dispute and request validation of the debt. *Id.* at ¶ 4. NCO's initial letter was not returned as undeliverable, and plaintiff never responded to it. *Id.* at ¶ 4. Subsequently, NCO attempted to call plaintiff, but plaintiff never answered a single call, and plaintiff did not return any messages. *Id.* at ¶ 5.

On October 14, 2011, NCO sent plaintiff a proposed settlement letter. *Id.* at ¶ 6. On November 7, 2011, NCO received a letter from plaintiff disputing the debt and requesting debt validation. *Id.* at ¶ 6. Immediately upon its receipt of plaintiff's letter, NCO stopped all collection activities and placed the account on hold pending closure with its client. *Id.* at ¶ 7 & 8. On November 21, 2011, NCO mailed plaintiff a letter notifying him that the account was "on hold pending closure in our office." *Id.* at ¶ 7. Affixed to the bottom of the letter was the required boilerplate FDCPA disclosure. *See* Exhibit 1-E. NCO's letter did not ask for payment, did not contain an amount of the debt, and NCO engaged in no subsequent debt collection activity. *See id*.

**LAW AND ANALYSIS**

### A. Legal Standard

"Under Rule 56, '[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Mid-Continent Cas. Co. v. Clean Seas Co., Inc.*, 2012 WL 933025, *1 (M.D. Fla. Mar. 20, 2012) (citing Fed. R. Civ. P. 56(a)). "The burden of demonstrating the satisfaction of this standard lies with the movant, who must present 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' that establish the absence of any genuine, material factual dispute." *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1252–53 (11th Cir.2003). While the Court may be inclined to hold a *pro se* plaintiff to a less stringent standard, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### B. Plaintiff's claims fail as a matter of law.

In shortest summary, (1) NCO was permitted as a matter of law of to pull plaintiff's credit report; (2) plaintiff failed to plead a necessary prerequisite for an FDCPA/FCCPA claim; (3) plaintiff's FDCPA count does not sufficiently describe how the complained of activity constitutes an FDCPA cause of action; (4) plaintiff waived his right to dispute the debt when he failed to respond to NCO's initial notice, (5) NCO ceased all collections upon receipt of plaintiff's untimely dispute; and (6) plaintiff did not allege or establish that NCO knew the debt was allegedly illegitimate-in fact it appears the debt is valid.

3

1. **Plaintiff's FCRA claim fails because NCO had a permissible purpose to pull plaintiff's credit report.**

Plaintiff alleges NCO violated the FCRA by obtaining his credit report without his consent. (Dkt. 20, ¶ 25), but NCO is not required to obtain his consent. A "consumer reporting agency may furnish a consumer report … [t]o a person which it has reason to believe … intends to use the information in connection with a *credit transaction involving the consumer* on whom the information is to be furnished *and* involving the extension of credit to, or *review* or *collection of an account of, the consumer*." 15 USC § 1681b(a)(3)(A) (emphasis added). Here, AMEX placed accounts in plaintiff's name with NCO, and NCO pulled and used plaintiff's credit information to review and collect on the accounts. *See* Exhibit 1, Aff.

Courts have consistently held a debt collector has a permissible purpose to access a consumer's credit report in connection with the review and/or collection of a debt. *See, e.g.*, *Robinson v. Greystone Alliance, LLC*, 2011 WL 2601573, *3 (D. Md. June 29, 2011) ("Debt collection is a permissible purpose for obtaining a credit report under the FCRA . . . . As long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA."); *Criddell v. Transunion LLC*, 2010 WL 1693093, *4 (N.D. Ill. Apr. 27, 2010) ("Because Torres was acting as a debt collection agency, it had a legitimate reason to obtain Criddell's credit report[.]"); *Miller v. Wolpoff & Abramson, LLP*, 309 Fed. Appx. 40, 43 (7th Cir. 2008); *Korotki v. Thomas, Ronald & Cooper, P.A.*, 1997 WL 753322, *2 (4th Cir. Dec. 5 1997); *Smith v. John P. Frye, P.C.*, 2011 WL

4

748363, *1-3 (N.D. Ill. Feb. 24, 2011); *Huertas v. U.S. Dep't of Educ.*, 2009 WL 3165442, *8-9 (D. N.J. Sept. 28, 2009); *Blanc v. Palisades Collection, LLP*, 2007 WL 3254381, *2-9 (S.D. N.Y. Nov. 1, 2007); *Shah v. Collecto, Inc.*, 2005 WL 2216242, *1-11 (D. Md. Sept. 12, 2005); *Beckstrom v. Direct Merch.'s Credit Card Bank*, 2005 WL 1869107, *3 (D. Minn. Aug. 5, 2005); *James v. Interstate Credit and Collection, Inc.*, 2005 WL 1806501, *2-4 (E.D. Pa. July 29, 2005); *Perretta v. Capital Acquisitions & Mgmt. Co.*, 2003 WL 21383757, *2-5 (N.D. Cal. May 5, 2003).

Plaintiff attempts to argue NCO lacked a permissible purpose to pull his credit report because he did not have an "account" as defined under § 1693 of the Electronic Fund Transfer Act. (Dkt. 20 at ¶¶ 23-24.) However, the definition of "account" under Section 903 of the Electronic Fund Transfer Act, 15 U.S.C. § 1681a(r)(4) is not applicable to the word "account" as used in Section 1681b(a)(3)(A); those code sections are two completely distinct and different acts. *See Demaestri v. Asset Acceptance Capital Corp.*, 2012 WL 1229907 at *4 (D.Colo. March 14, 2012). "The definition of 'account' in [section] 1681 a(r)(4) [of the FCRA] provided by the plaintiff . . . is under a heading concerning 'Credit and debit related terms.' . . . [S]uch usage of th[at] term is [not] applicable to the word 'account' as used in section 1681b(a)(3)(A), which does not deal with credits and debits." *Id.* "Read correctly, [section] 1681b(a)(3)(A) permits [a debt collector] to obtain the plaintiff's consumer reports" in connection with the collection of a consumer's credit card account. *Id.*

In sum, NCO pulled plaintiff's credit report in connection with the review and collection of plaintiff's delinquent account. *See* Exhibit 1, Aff. The FCRA specifically

authorizes this type of credit pull in section 1681b(a)(3)(A).  Accordingly, NCO pulled plaintiff's credit report with a permissible purpose specifically authorized by the FCRA, and plaintiff's FCRA claim should be dismissed as a matter of law.

> 2. **Plaintiff's FDCPA and FCCPA claims fail as a matter of law because plaintiff fails to plead the threshold showing that the "debt" is subject to the acts.**

In his Amended Complaint, plaintiff fails to plead NCO was attempting to collect a consumer debt (as opposed to a commercial debt). "To recover under both the FDCPA and the FCCPA…, a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt'". *Oppenheim v. I.C. System, Inc.*, 627 F.3d 833, 837 (11th Cir. 2010) (emphasis not added).  A "debt" under the FDCPA and the FCCPA is defined as the "payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes*." *Id*. (emphasis not added).  The "mere obligation to pay does not constitute a 'debt' under the FDCPA." *Id*.  Plaintiff refers to an alleged debt, but does not make the threshold showing that the debt is a consumer debt arising out of a transaction for personal, family, or household purposes.  As such, plaintiff fails to state an FDCPA and FCCPA claim as a matter of law, and they should be dismissed.

> 3. **Plaintiff's FDCPA claim fails as a matter of law.**
>> a. <u>**Plaintiff does not allege with sufficient specificity how NCO violated the FDCPA**</u>

In count II of his Amended Complaint, plaintiff makes the conclusory allegation that NCO violated 1692e(2); 1692e(10); and 1692g(b).  Plaintiff does not specifically state how NCO allegedly violated each of these subsections of the FDCPA.  Even reading

6

¶¶ 1-14 of the Amended Complaint, which are incorporated by reference, NCO is unable to determine how the complained of activity described in ¶¶ 1-14 constitutes a 1692e(2); 1692e(10); or 1692g(b) violation. Conclusory unsupported allegations cannot form the basis for an FDCPA cause of action. *Horton v. N.R.S., Inc.*, 2006 WL 2844265 *1 (E.D. N.Y. 2006) (Ruling that vague and conclusory allegations are not sufficient to withstand a motion to dismiss; a complaint must "contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory."). As such, plaintiff's FDCPA claims must be dismissed as a matter of law.

Assuming plaintiff takes issue with NCO's response to his dispute letter, plaintiff's FDCPA claim fails for 2 different reasons either of which is sufficient for the Court to dismiss it.

    b. **Plaintiff's FDCPA claims fail because he waived his right to dispute the debt and request debt validation when he did not respond to NCO's initial notice.**

AMEX placed plaintiff's 5007 account with NCO on May 25, 2011. *See* Exhibit 1, Aff. On May 27, 2011, NCO sent an initial collection letter, to plaintiff, notifying him of his right to dispute and/or request validation of the debt. *Id*. at ¶ 4. The letter was not returned undeliverable. *See id*. Plaintiff had 30 days from receipt of the notice to dispute the debt. 15 U.S.C. § 1692g(b). Plaintiff, however, sent his dispute letter to NCO on November 2, 2011, almost 6 months later. *See id* at ¶ 6.

Importantly, plaintiff waived his right to validation when he did not dispute the debt or request debt validation in writing within 30 days of his receipt of the initial notice. *See Senftle v. Landau*, 390 F. Supp. 2d 463, 475 (D. Md. 2005) (holding a

7

consumer waived his right to the protections under section 1692g because he requested validation too late). As such, plaintiff is estopped from arguing that NCO had an obligation to provide debt validation before proceeding with any further collections upon receipt of his untimely dispute letter, and as such, plaintiff's FDCPA claim fails as a matter of law and must be dismissed.

    c. **Plaintiff's FDCPA claim fails because NCO did not engage in any collection efforts directed to plaintiff after its receipt of his untimely written dispute.**

Plaintiff alleges NCO engaged in collection after its receipt of his dispute letter. However, an examination of the record evidence, including the letter at issue, shows this is simply not true. Upon receipt of the plaintiff's untimely dispute letter, NCO opted to cease collections and close the disputed account. *See* Exhibit. 1, Aff.

If a debt collection company decides to cease collection activities, it is not required to send validation of the debt. *See Jang v. A.M. Miller and Associates*, 122 F.3d 480, 483 (7th Cir. 1997) (holding upon receipt of a request for validation, a debt collector may either "provide the requested validations and continue their debt collecting activities, *or* they may cease all collection activities.") (emphasis added).

On November 7, 2011, NCO received plaintiff's written correspondence, and on November 21, 2011, NCO mailed plaintiff a letter notifying him the account "is on hold pending closure in our office." *See* Exhibit 1, Aff. at ¶ 7. Plaintiff contends this letter was an attempt to collect a debt because it had the standard and required disclaimer at the bottom of the letter. This allegation is ridiculous and nonsensical.

Importantly, one look at the body of the letter tells the reader that the account is being closed. *See* Exh.1-E, Aff. and referenced letter. Also, the letter does not ask plaintiff to pay anything and the letter is devoid of any amount due or account balance. *See* Exh. 1-E, Aff. and referenced letter. In addition, plaintiff admits he received no NCO calls or letters after November 21, 2011. *See*, **Exh. 2**, Plaintiff's Deposition Transcript, pp. 26-29. Further, NCO's use of the required standard FDCPA disclaimer at the bottom of the letter does not transform the letter into an actual "attempt to collect a debt." *See Diaz v. Florida Default Law Group, P.L.* 2011 WL 2456049, n. 9 (M.D. Fla. Jan. 3, 2011). The Diaz court ruled, "[a]lthough the letters state, pursuant to the requirements of the FDCPA, that defendant was "attempting to collect a debt," courts have found that such statements, standing alone, do not create a genuine issue of material fact when the evidence demonstrates that the defendant was not actually engaging in debt collection activity." *See also*, *Nwoke v. Countrywide Home Loans, Inc.*, 251 F. App'x 363, 365 (7th Cir.2007); *Stamper v. Wilson & Assocs., P.L.L.C.*, 2010 WL 1408585, at * 9 (E.D.Tenn. March 31, 2010); *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, 2007 WL 2695795, at *3–6 (D.Minn. Sept.12, 2007); *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 931-2 (9th Cir. 2007).

Notably, section 1692e(11) of the FDCPA requires the debt collector to put on all non-initial "communications that the communication is from a debt collector". 15 U.S.C. § 1692e(11).

In the instant matter and regarding the NCO letter at issue, it: (a) clearly notified plaintiff it was in the process of closing his account; (b) did not ask plaintiff to pay any

monies; and (c) did not contain an amount or account balance. *See* Exh. 1-E, Aff. and referenced letter. Importantly, NCO did close the account and never called plaintiff or sent him another piece of correspondence. *See* Exhibit. 1 & 2, P Dep. Trans., pp. 26-29. The small disclaimer in the footer of the letter, required by law and included in an abundance of caution, does not transform the closure letter into a collection attempt under the FDCPA. *See Diaz,* 2011 WL 2456049. As such, plaintiff's FDCPA claim should be dismissed as a matter of law.

4. **Plaintiff's FCCPA claim fails as a matter of law because plaintiff fails to allege or establish that NCO knew the debt was illegitimate.**

In his Amended Complaint (Count III), plaintiff asserts a F.S. 559.72(9) violation (claiming, attempting or threatening to enforce a debt when such person knew that the debt was not legitimate). A claim brought under this subsection of the FCCPA requires plaintiff prove the defendant <u>knew</u> that the debt was illegitimate. *See Leblanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n 12 (11th Cir. 2010); *McCorriston v. L.W.T., Inc.*, 536 F.Supp.2d 1268, 1279 (M.D. Fla. 2008); *In re Lamb*, 409 B.R. 534, 541 (N.D. Fla. 2009); *In re Cooper*, 253 B.R. 286, 290 (N.D. Fla. 2000).

Here, not only does plaintiff fail to allege or establish NCO knew the debt was illegitimate, but the debt appears to be due and owing. *See* **Composite Exhibit 3**, Monthly Statements and Proof of Partial Payments. Further, AMEX informed NCO that plaintiff owed the debt. *See* **Exhibit 1-B, Aff.,** Raw Data Electronic Placement File. Lastly, plaintiff cannot establish that NCO knew the debt was invalid because he himself cannot even recall whether or not he owed the debt. *See* **Exhibit 2**, P Dep. Trans, pp. 32-

66, 83-85.  In fact, when answering questions about the establishment of the debt, the monthly statements, the payments, and the collection of the debt, plaintiff said "I don't recall," "I don't know," or some variation thereof over 60 times.[1] *See* Exh. 2, P Dep. Trans., pp. 22-23, 26, 28-29, 31-32, 36-38, 40-43, 45, 47, 50, 52, 56-57, 60-62, 66-68, 79, & 83-86.

It was not until plaintiff ultimately wrote to NCO that NCO had any idea the debt was disputed, and then NCO immediately put the account on hold, started the closure process with its client, and ceased all collections.  *See* Exh. 1, Aff.  As such, plaintiff's FCCPA claim fails as a matter of law and should be dismissed.

## **CONCLUSION**

WHEREFORE, Defendant, NCO Financial Systems, Inc., respectfully requests that this Court grant Defendant's motion for summary judgment, dismiss plaintiff's Complaint, and for such other relief as this Court deems proper.

Respectfully submitted,

/s/ Kenneth C. Grace
Kenneth C. Grace, Esq.
Florida Bar No. 0658464
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2465
Facsimile: (866) 466-3140
kgrace@sessions-law.biz
Attorneys for Defendant,
NCO Financial Systems, Inc.

---

[1] Shockingly, even when presented with numerous copies of the monthly statements AMEX mailed to plaintiff at his undisputed mailing address and even when presented with numerous copies of checks plaintiff issued to AMEX, plaintiff refused to admit he owed the debt, had made payments towards the debt, or even knew about the debt.  *See* Exh 2, P Dep. Trans., pp. 33-66.

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of February 2013, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing has also been sent to Plaintiff via U.S. Regular Mail postage prepaid to the following address:

> Brian Farrell
> 106 Clear Lake Circle
> Sanford, FL 32773
> (Pro Se Plaintiff)

> /s/ Kenneth C. Grace
> Attorney