FILED

2013 MAR 11  PM 1:47

MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BRIAN FARRELL )
*Plaintiff,* )
)
) Case No. 6:12-cv-00660
vs. )
)
NCO FINANCIAL SYSTEMS, INC. )
*Defendant,* )
)

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff requests this Honorable Court deny Defendant's motion for summary judgment and states the following:

### Introduction

1. Plaintiff is Brian Farrell; Defendant is NCO FINANCIAL SYSTEMS, INC. (hereinafter NCO).

2. On May 1, 2012, Plaintiff sued Defendant for violation of the Fair Credit Reporting Act (hereinafter FCRA), the Fair Debt Collection Practices Act (hereinafter FDCPA), and the Florida Consumer Collection Practices Act (hereinafter FCCPA).

3. On June 6, 2012 Defendant NCO filed an Answer and Affirmative Defenses.

4. On September 11, 2012, Plaintiff filed an Amended Complaint.

5. On September 24, 2012, Defendant filed an Answer and Affirmative Defenses to Plaintiff's amended complaint.

6. On February 8, 2013, defendant filed a Amended Motion for Summary Judgment.

7. Summary judgment is improper in this case because there are genuine issues of fact on each element of Plaintiff's cause of action for violations of the FCRA, FDCPA and FCCPA: no permissible purpose to obtain plaintiff's credit report, violations of FDCPA by falsely representing the character and amount of the alleged debt, by false representation and deceptive means to collect an alleged debt, and by continuing to collect an alleged debt without first validating the alleged debt, and violated FCCPA by claiming and attempting to collect an alleged debt when such persons knew the debt was not legitimate.

## Statement of facts

8. Defendants do not argue that they obtained the credit report of the Plaintiff.

9. In Defendant's Motion for Summary Judgment defendant states that American Express "placed" a credit card account (hereinafter account) with NCO and therefore they had a permissible purpose to obtain Plaintiff's credit report.

10. There is an affidavit attached to the motion stating that American Express "placed" the accounts with NCO on May 25, 2012, but there is no verified evidence of such that has been been made a part of the record or entered into evidence as an exhibit.

11. There is no documentation whatsoever annexed to the affidavit or the pleading to evidence a contract nor other evidence of an alleged account with a Brian Farrell.

12. There are no documents purporting to evidence transfer of the alleged account to NCO or any documentation showing the actual existence of any alleged account from American Express or any other entity placed with NCO.

13. There is no statement made in the affidavit as to what type of alleged accounts (i.e. demand deposit, asset, credit, etc.) the defendant is referring to as being "placed" by American

Express with NCO that <u>could</u> provide give them a permissible purpose to obtain the credit report of the Plaintiff, <u>even if such alleged accounts existed</u>, which has not been established through evidence before the court.

14. There is no verified firsthand evidence **in any form** that has been entered into the court record showing such account numbers, amounts alleged to be due, date of origination of the alleged accounts, current status, or dates and terms of transfer of ownership of the alleged account.

15. Other than conclusory statements and self-authenticated evidence in an affidavit made by someone who works for, and is employed by the Defendant, there is no evidence in any form of any alleged account of a Brian Farrell that would allow any permissible purpose for the Defendant to obtain the credit report of the Plaintiff under the FCRA.

16. In the affidavit of Gregory Stevens he states that American Express placed account ending in 5007 with NCO, but offers no evidence, i.e. Bill of Sale, Assignment, etc., that any such account was "placed" with NCO for collection. In fact, there is no authenticated evidence on the record, that any such account exists, let alone is in collections The only evidence the Defendant enters into this case is a self-serving statement from one of its own employees

17. In number 4 of the affidavit of Gregory Stevens he states that on May 27, 2011, NCO mailed Plaintiff an initial letter notifying Plaintiff of his right to dispute and request validation of the debt, again Defendant offers no <u>evidence</u> of any such letter. On the contrary, when NCO actually sent a letter to the Plaintiff, dated October 14 2011, which Plaintiff did receive, also which Plaintiff states is the initial communication from NCO, Defendant makes no reference to a previous letter allegedly sent to the Plaintiff. *See* Exhibit 1. Also, when Defendant responded to Plaintiff's Demand for Validation on November 21 , 2011, Defendant's does

not state that Plaintiff waived his right to validation because he failed to respond to its alleged initial letter within 30 days, yet as a defense to this immediate case, Defendant now claims that they had sent a previous notice. *See* Exhibit 2.

18. Furthermore in the affidavit of Mr. Stevens he states, in number 8, that after receipt of Mr. Farrell's letter, NCO did not send any dunning correspondence to Plaintiff. Yet the response letter said "on hold pending closure" and at the bottom of the letter was the statement, which states in part, **this an attempt to collect a debt.**

19. If the Defendant has not set forth no verifiable evidence on the record as to the existence of an account and Defendant asserts in its motion that its permissible purpose was to collect on an account, then there is a "false representation and deceptive means" to collect a debt and the Defendant was "claiming, attempting, or threatening to enforce a debt when such persons knew that the debt was not legitimate" which are violations of the FDCPA and the FCCPA respectively.

20. Defendant merely recites a section out of the FCRA as its defense that they had permissible Purpose to obtain the credit report of Plaintiff pursuant to 15 USC § 1681b(a)(3)(A). However, 15 USC § 1681b(a)(3)(A) clearly states; **"A consumer reporting agency may furnish a consumer report...[t]o a person which it has reason to believe"** (emphasis added)...intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer. 15 USC § 1681b(a)(3)(A) clearly states it's the Credit Reporting Agency' reason to believe, not the Defendants.

## STANDARD OF REVIEW

21. Although summary judgment is proper in any case where there is no genuine issue of

material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct 2548, 2552 (1986).

22. A Defendant who seeks summary judgment on a Plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of Plaintiff's claim or (2) showing there is no evidence to support an essential element of Plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996); *See Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that Plaintiff has not presented evidence on an essential element of his claim. Rather, Defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 327, 106 S. Ct. at 2555. Only if Defendant meets their burden is Plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

23. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to Plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F. 3d 1233, 1236-37 (10th Cir. 2002).

24. A genuine dispute remains "if the evidence is such that a reasonable jury **could** return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## **Argument**

25. Defendant states in its motion that they had a permissible purpose to obtain Plaintiff's

personal credit report because the alleged original creditor placed accounts with Defendant. Yet in discovery, when the Plaintiff asked to see this contract, Defendant provided a contract between Defendant, NCO, and American Express, the alleged original creditor. The contract made no reference to the Plaintiff whatsoever, and the Plaintiff did not sign this contract nor is Plaintiff liable for said contract.

26. There is no evidence on the record which shows that Plaintiff ever had a contract with the alleged creditor which could have possibly given Defendant a permissible purpose. Defendant alludes that 15 USC § 1681b(a)(3)(A) gives them a permissible purpose, but nowhere in the statute does it say that a 3rd party debt collector has this right. Defendant has not put any evidence in the Court that would show that they are collecting on behalf of American Express.

27. Further, 15 USC § 1681b(a)(3)(A) of the FCRA does not specifically state whether it refers or applies to an original creditor's in-house debt collector or a third party debt collector. However, the issue here is that Plaintiff never voluntarily entered into a "credit transaction" with the Defendant. *See Pintos v Pacific Creditors Association* No. 04-17485 (April 30, 2009). The Ninth Circuit explained that "FACTA makes clear" that "debt collection is a permissable purpose for obtaining a credit report under § 1681b(a)(3)(A) <u>only in connection with a 'credit transaction' in which a consumer has participated directly and voluntarily.</u>" Id. (emphasis added ). The Ninth Circuit panel reasoned that "[b]y defining credit as a 'right... to defer payment', FACTA indicates that a § 1681b(a)(3)(A) 'credit transaction' could only involve a transaction in which the consumer <u>directly participates and voluntarily</u> seeks credit." Id. (emphasis added). In fact, Plaintiff could never enter into a "credit transaction" with a third party debt collector, it's not possible for Plaintiff to have a contractual obligation

to the third party debt collector. It's also impossible for a third party debt collector Defendant to have a reasonable expectation of a transaction with Plaintiff, without Plaintiff's written, express or implied agreement, such a relationship is nonexistent. Even if such a relationship did exist, which Plaintiff denies, Defendant failed to provide requisite proof of the alleged debt or account on the record. Therefore, Defendant lacked a permissible purpose for obtaining the consumer credit report of Plaintiff.

28. Defendant uses *Robinson v. Greystone Alliance LLC* to illustrate this point yet Defendant does not mention that in paragraph one of the decision it states that "Currently pending is Defendant's motion for summary judgment and supporting memorandum, to which no opposition has been filed." The footnote at the bottom of the first page goes on to state the clerk and the Judge strongly encouraged the Plaintiff to file a response and went so far as to grant Plaintiff an extension to do so, and yet Plaintiff did not, so the allegations went uncontested.

29. Defendant states that Plaintiff's FDCPA and FCCPA claims fail because Plaintiff fails to plead the threshold showing that the "debt" is subject to the acts and that the debt was a consumer debt and not a commercial, i.e. business debt. Plaintiff is not aware, nor has Defendant proven, that a debt exists at all, but because Defendant obtained Plaintiff's consumer credit report and not a business report (business reports are obtained through Dunn & Bradstreet) that shows that Defendants were trying to collect a personal debt. Also the statements that are attached to Defendant's motion only have the Plaintiff's name and make no reference to a business entity, Defendant makes this point for Plaintiff.

30. Defendant goes on to state that Plaintiff does not allege with sufficient specificity how NCO violated the FDCPA. The complaint must only include "sufficient factual allegations to

provide the grounds on which the claim rests", *Friends of Lake View School District v. Beebe*, 578 F. 3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a Plaintiff's burden, there is no need for detailed factual allegations or specific facts that describe the evidence to be presented. *Id*. A Plaintiff satisfies their burden if they allege facts sufficient to allow a Court to infer "more than the mere possibility of misconduct", *Ashcroft v. Iqbal*, 129 W. Ct. 1937, 1950 (2009).

31. Defendant also states that Plaintiff waived his right to dispute the debt and request debt validation when he did not respond to NCO's alleged initial notice. Defendant states Plaintiff had 30 days from <u>receipt</u> of the notice, and Plaintiff did respond within 30 days of the initial notice that he received from NCO. Defendant claims that it sent an initial notice on May 27, 2011, but does not provide a copy of the letter or any proof that it was even mailed. Never the less, Plaintiff never received a letter in that time period, the initial notice received by Plaintiff was dated October 14, 2011 and the Plaintiff requested validation within the 30 days allotted. In the October 14, 2011 letter Defendant makes no reference to a previously mailed letter.

32. Defendant states that Plaintiff's FDCPA claim also fails because they did not engage in collection efforts after they received Plaintiff's validation letter. Plaintiff agrees with Defendant's cited case law, *Jang v. A.M. Miller and Associates,* which states…holding upon receipt of a request for validation, a debt collector may either "provide the requested validations and continue their debt collecting activities, or they may cease all collection activities." *Shimek v. Weissman, Nowack, Curry, and Wilco, P.C.* 374 F. #d 1011, 1013-14 (11th Cir. 2004) see also FTC Opinion letter, Dec. 23, 1997, "(T)here is nothing in the FDCPA that requires a response to the debt at issue", citing Smith v. Transworld Sys., Inc.

953 F. 2d 1025, 1032 (6th Cir. 1992). Defendant did not have an obligation to contact Plaintiff after the validation letter was sent, but they freely chose to do so. The letter stated that the account "is <u>on hold</u> pending closure in our office" (emphasis added), not that the collection action was terminated. To make matters more confusing, at the bottom of the letter it stated that "this is an attempt to collect a debt..." a clear violation of the FDCPA. Defendant states section 1692e(11) of the FDCPA requires the debt collector to put on all non-initial "communications that the communication is from a debt collect", it does not say that the debt collector should put the words "this is attempt to collect a debt" on the communication.

33. Defendant states Plaintiff's FCCPA claim fails because Plaintiff fails to allege or establish that NCO knew the debt was illegitimate, but when Plaintiff requested validation from Defendant, they did not have, or refused to provide, the required documents. Defendant states that the debt **appears** to be due and owing, yet provides no authenticated evidence to the Court.

34. The evidence offered by the Defendant is the Affidavit of Gregory Stevens, an employee of NCO Financial Systems, Inc., which states nothing more than he is familiar with the alleged account, some basic alleged details, its alleged chain of ownership, and the lawsuit filed by the Plaintiff. Gregory Stevens also fails to state whether the alleged account is a consumer account or other type of alleged account.

35. The affidavit states there is an account placed by American Express with NCO but there is no documentation on the record whatsoever to show that had occurred.

36. There is not one document in the record submitted by the Defendant as <u>verified evidence</u> to show the existence of an alleged "account" indicating what type of account it is, who

the alleged original creditor is, its origination date, any amounts that may be owed, any contract or any other identifying information regarding the alleged account.

37. The affidavit does nothing more than refer to conclusory facts not in evidence and refers to alleged events regarding chain of ownership of an alleged account where there is no verified evidence of the alleged facts or events before the court.

38. The statements in the affidavit are nothing more than hearsay, and are not supported by any verified documentation whatsoever and should not be considered by the Court.

39. The statements in the Defendant's Motion for Summary Judgment are conclusory without question and cannot support a motion for summary judgment. *See Celotex Corp.* 447 U.S. at 327, 106 S.Ct. at 2555.

## Objections

40. The evidence submitted in support of the Defendant's motion should not be considered by the court because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the Court. The Court should strike the following summary judgment proof:

a. <u>Affidavit</u>: Defendant's rely on a defective affidavit.

- The affidavit refers to facts not in evidence before the Court.

- The affidavit has not been authenticated before the Court and is hearsay.

- The affiant also states in the affidavit that between May 26, 2011 and November 3, 2011, NCO attempted to collect the debts at issue, but never made any contact with the Plaintiff, when in fact NCO sent a dunning letter to the Plaintiff, dated October 14, 2011. (See exhibit 1)

## Summary Judgment Evidence

41. In support of his response, Plaintiff includes the following evidence in the attached appendix:

   a. Affidavits. The affidavit of Brian Farrell establishes the fact that there is no evidence before the court that there is an account of a Brian Farrell in existence or that American Express placed any accounts with NCO Financial Systems, Inc. and which would have given them a permissible purpose to obtain plaintiff's credit report

   b. Exhibit 1. Dunning Letter from NCO dated October 14, 2011

   c. Exhibit 2. Response to Plaintiff's Demand for Validation

## Conclusion

The Defendants have not met their burden to show there are no material facts at issue for the elements of the Plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch Props.*, 140 F. 3d at 625. The Defendants have proffered nothing more than a affidavit from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of having any "account" placed with them which would give them permissible purpose to obtain plaintiff's credit report.

WHEREFORE, because the Defendants have failed to show there are no issues of material fact before the Court, the Plaintiff respectfully requests the Court deny the Defendants motion for summary judgment, strike the Defendants affidavit and allow the Plaintiff's claim to move forward to trial on the merits.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's memorandum in opposition to Defendant's motion for summary judgment was mailed on March 11, 2013 to Sessions, Fishman, Nathan, and Israel, LLC at 3350 Buschwood Park Drive, Suite 195 Tampa Florida 33618.

Respectfully Submitted,

*Brian Farrell*
Brian Farrell
106 Clear Lake Circle
Sanford, FL 32771
321-662-7627